(61 Misc. Rep. 255.)

KLAUDER et al. v. C. V. G. IMPORT CO.

(Supreme Court, Appellate Term.   December 16, 1908.)

1. CONTRACTS (§ 152*)—CONSTRUCTION—ADDING WORDS.

Words will not be added to a contract to aid a doubtful construction where the contract is open to a more natural meaning without such interpolation.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 732; Dec. Dig. § 152.*]

2. DAMAGES (§ 78*)—LIQUIDATED DAMAGES—CONTRACT OF SALE—BREACH.

Defendants contracted to purchase six automobiles, one to be delivered immediately, and the others at various times thereafter, they to be allowed a discount of 5 per cent. on the first five machines purchased and 7½ per cent. on the sixth machine, and to deposit with the sellers $500 on each one purchased, balance payable on delivery.   The contract also provided that, if the buyers did not accept the six cars ordered, they should refund to the seller 2½ per cent. on the price of the cars taken.   In an action by the buyers to recover their deposit, the seller counterclaimed for damages for the former's refusal to take the remaining five machines; the buyers claiming that the provision in the contract for the refund of 2½ per cent. was as liquidated damages for any breach, and the seller could not recover more than that amount.   Held, that the purpose of that provision was to credit the seller with one-half of the 5 per cent. discount allowed the buyers on any cars already delivered if they did not take all the cars, and that it was not intended as a provision for liquidated damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 157–163; Dec. Dig. § 78.*]

3. PLEADING (§ 196*)—DEMURRER—DEMURRER TO REPLY—PROPRIETY.

Under Code Civ. Proc. § 493, authorizing defendant to demur to the reply or to a separate traverse or avoidance of a counterclaim contained therein, on the ground that it is insufficient in law on its face, defendant could demur to a reply to its counterclaim if it was insufficient on its face; and that it alleged facts already in the pleadings did not require defendant to attack it by motion as surplusage.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 453; Dec. Dig. § 196.*]

Appeal from City Court of New York, Special Term.

Action by Francis H. Klauder and another against the C. V. G. Import Company.   From an interlocutory judgment sustaining a demurrer to a defense to defendant's counterclaim, plaintiffs appeal. Affirmed, with leave to amend.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Hibbard & Lesinsky (Edward M. Shepard, of counsel), for appellants.

Henry Holljes (Walter Carroll Lew, of counsel), for respondent.

GIEGERICH, J.   On or about October 19, 1906, the plaintiffs entered into an agreement with the defendant's assignor, the terms of which were embodied in a letter written by the latter to the former. The letter reads as follows:

"Messrs. Francis H. Klauder and William J. McGaw, Trading as Messrs. F. H. Klauder Co., 710 Penn. Bldg., Phila., Pa.—Gentlemen:   We hereby agree to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

allow you on the price of the first five cars that you purchase from us a discount of 5%, on the sixth to the ninth 7½% ; above this number 10%. This discount to bear on the price of the Chassis only and to be retroactive ; but not to apply to any sale of our town car.

"We further agree to allow you a commission of 5% on the sale of any stock car made for us, exception being made for the sale of cars during the show when only 3% will be allowed. For the price of the bodies we will make special arrangements with you according to the orders you may place.

"It is understood that in case of strike on the other side, we are allowed a delay of sixty days extra in our deliveries. Under ordinary conditions we will allow you after the first month's delay a rebate of 1% per month. This rebate never to exceed 3%. If for any reason the F. Klauder Company should not take the delivery of the six cars herein ordered, they agree to refund 2½% in the price of the cars taken to the C. V. G. Company.

"To make this contract you will deposit with us on signing $500 on each Chassis ordered ; the balance on price of car to be paid on delivery.

"We will authorize you to entitle yourselves our representatives in Philadelphia.

"We agree to deliver to you

One 20 H. P. in December.......................................... $5,500
One 20 H. P. in February..........................................  5,500
One 20 H. P. in April.............................................  5,500
One 30 H. P. in May...............................................  7,000
One 30 H. P. in July..............................................  7,000
One 30 H. P. with body taken immediately.

"We will allow you ten per cent on spare parts.

"It is understood that all the Chassis except the one given for immediate delivery are to be of the 1907 model.

"This contract will expire October 1st, 1907.     C. V. G. Import Co.,
                                                  "Gaston R. Rheims."

The plaintiffs duly deposited with the defendants' assignor the sum of $500 for each of the five cars to be delivered in the future, in all $2,500, and the sixth car, which the agreement provided was to be taken immediately, was duly delivered and paid for. The five cars just mentioned have never been accepted. The present action is brought to recover the $2,500 deposited as above stated less 2½ per cent. upon the agreed price of the five cars not delivered ; the defendant having assumed the obligations of its assignor upon the contract. To the complaint the defendant interposed a separate defense and counterclaim in which it set up the agreement between the parties, the ordering by the plaintiffs of the six automobiles therein mentioned, the acceptance and delivery of one of them and payment therefor, and the deposit of $2,500 already mentioned. The defendant further alleged the performance of all conditions on its part and that the plaintiffs had refused to accept delivery of the remaining five cars ; and judgment was asked for the balance of their purchase price.

To this separate defense and counterclaim the plaintiffs replied setting up in turn a separate defense thereto as follows:

"Sixth. That in and by the terms of the agreement (Exhibit A) plaintiffs were not compellable to take any cars or to respond in damages for their failure so to do other than to allow the defendant an amount equal to 2½ per centum in the price of the cars not taken as and by way of liquidated damages.

"Seventh. That accordingly plaintiffs have made an allowance to the defendant of the sum of $762.50, being 2½ per centum of the price of five cars not taken, by deducting such sum from the amount of plaintiffs' claim against defendant as fully appears from plaintiffs' complaint herein."

The defendant demurred to this separate defense contained in the reply, and, from the judgment sustaining the demurrer, the plaintiffs appeal.

The learned counsel for the appellants, while conceding that there was a valid executory contract of purchase and sale of the five cars in question, insists that the parties have provided their own remedy for the breach, and that it is to be found in the provision of the agreement that "if for any reason the F. Klauder Co. should not take the delivery of the six cars herein ordered they agree to refund $2\frac{1}{2}\%$ in the price of the cars taken to the C. G. V. Co."; but, as this construction of the agreement would lead to the extraordinary conclusion that the fewer cars the plaintiffs took the smaller would be the liquidated damages, even to the extent that, if they took none and broke their contract entirely, there would be no damages, he asks us to interpolate the word "not" into the contract so that the $2\frac{1}{2}$ per cent. would be payable upon the agreed price of all cars not taken. Under the construction of the contract contended for, the separate defense in the reply might be good, but, as a much more natural meaning can be gathered from the contract as it stands, I do not think we would be warranted in adding words to it to help out a doubtful construction, and one which, without much interpolation, would lead to most unnatural consequences. Schoonmaker v. Hoyt, 148 N. Y. 425, 42 N. E. 1059; Christopher St. Ry. Co. v. Twenty-Third Street Ry. Co., 149 N. Y. 51, 43 N. E. 538; Bedell v. Edgett, 120 App. Div. 451, 104 N. Y. Supp. 1013.

The meaning of the proposal, as accepted, was that the plaintiffs engaged to take the six machines, one of them immediately and the other five at various times in the future; that they were to deposit $500 upon account of the purchase price of each of the five cars, and were to pay the balance on delivery; that the purchasers were to be allowed a discount of 5 per cent. upon the price of the five cars mentioned in the agreement for future delivery, $7\frac{1}{2}$ per cent. on the sixth to the ninth car and 10 per cent. on all further cars ordered, but that if, after having allowed the 5 per cent. on one or more of the first five cars on the assumption that all would be taken, it should happen that the plaintiffs did not take delivery of all of them, they were to credit the sellers with half the discount which had been previously allowed them upon the cars actually taken in the expectation that at least five cars would be sold and delivered. Nothing is expressly said in the agreement as to the liquidation of damages in case of its breach, and I do not think this provision can be fairly construed as amounting to such a liquidation. In my view it is merely a provision for the readjustment of commissions or discount, and leaves the sellers perfectly free to enforce the agreement of purchase and sale by the ordinary remedies and with the ordinary measure of damages. Upon any other theory it would be difficult to explain the requirement of a deposit of $500 on account of each of the five machines, which was several times the amount of the $2\frac{1}{2}$ per cent. refund provided for. Counsel for the appellants further argues that the utmost than can be said is that, since this defense in the reply set forth no facts not al-

ready in the pleadings, it was mere surplusage, and should have been reached by motion to strike out and not by demurrer. If, however, the defense was insufficient in law upon its face, the defendant was clearly entitled to demur to it (Code Civ. Proc. § 493), and none of the cases cited by counsel for the appellants is at all inconsistent with that conclusion.

The judgment should be affirmed, with costs, with leave to the appellants to amend within six days on payment of costs in this court and the court below. All concur.